UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HARENDRA P. TOLIA, ET AL., | : | |
| Plaintiffs, | : | Civil Action No. 11-3656 (JLL) |
| v. | : | |
| DUNKIN BRANDS, ET AL., | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |

**HAMMER, United States Magistrate Judge**

**I.      INTRODUCTION**

      This matter comes before the Court on Plaintiffs' motion to remand and their subsequent motion for an extension of time to file their motion to remand. The Honorable Jose L. Linares, United States District Judge, referred the motions to the Undersigned for Report and Recommendation. Oral argument on the motion was held on October 4, 2011. For the reasons set forth herein, the Undersigned recommends that Judge Linares grant Plaintiffs' motion to remand in part and terminate the motion for an extension as moot.

**II.     BACKGROUND**

      **A.      Factual Background**

      Defendant Dunkin Brands, Inc. (Dunkin) grants franchises to operate Dunkin' Donuts stores. (Verified Compl. ¶ 2, ECF No. 1.) Dunkin is incorporated in Delaware and has its principal place of business in Massachusetts. (Notice of Removal ¶ 6, ECF No. 1.)

      Plaintiff Harendra P. Tolia is a New Jersey resident who owns numerous Dunkin' Donuts

1

franchises and sought to buy more.  (Verified Compl. ¶¶ 1, 5, Ex. A.)  On October 28, 2010, Tolia entered into an asset purchase agreement for $2.3 million to buy six franchises from six companies, namely, Defendants Re-Mur, Inc.; Dutchman's Donuts, LLC ; Even Steven, LLC; LAM Donuts, LLC; Mount Olive Donuts, LLC; and Taisatempt, LLC (collectively "the Six Franchisees").  (Id. ¶ 5.)  Tolia entered into the asset purchase agreement with the Six Franchisees; Dunkin was not a party to the asset purchase agreement.  (Id. Ex. A.)  The Six Franchisees are all New Jersey companies.  (Id.; Notice of Removal ¶¶ 7, 9–13.)  However, the asset purchase agreement states in part that the sale is "subject to the consent and right of first refusal of Dunkin' Donuts."  (Verified Compl. Ex. A, at 1, see also id. § 2(a).)  Moreover, under its franchise agreements to existing franchisees, Dunkin reserves the right to approve or deny the transfer of any franchise.  (Verified Compl. ¶ 3.)

On January 19, 2011, Dunkin "conditionally approved" the sale and transfer subject to the satisfaction of certain conditions, namely, compliance with specified provisions in the "Rider to Contract for Sale" and evidence of financing.  (Id. Ex. B.)  Thereafter, Tolia created six limited-liability companies to purchase the franchise licenses of the Six Franchisees.  (Id. ¶ 8.)  Tolia's six limited-liability companies are Plaintiffs Budd Lake Donuts 2, LLC; Clinton 31 Donuts, LLC; Hackettstown Donuts, LCC; Manfsfield Donuts, LLC; Stewartsville Donuts, LLC; and 100 Route 46 West Donuts, LLC.  (Id. ¶ 8.)  Subsequently, Tolia and the other plaintiffs allegedly complied with all outstanding conditions.  (Id. ¶ 11.)

In a separate transaction, Defendant Norco Products, Inc. (Norco), another Dunkin' Donuts franchisee, tried to sell its franchise to a third party.  (Id. ¶¶ 24–25.)  Dunkin exercised its right of first refusal and rejected the third party but offered to assign Norco's franchise to Tolia instead.

(Id. ¶ 27.)  Dunkin and Tolia signed an offer letter, and Tolia paid Dunkin a deposit of $105,000.  (Id. ¶ 28.)

In an April 8, 2011, letter to Plaintiff Tolia, Dunkin rejected all the sales and transfers "[b]ased on our investigation into the ownership of the entities through which you were to purchase" the franchises.[1]  (Id. Ex. C.)  Subsequently, the Six Franchisee allegedly declared the asset purchase agreement void because of Dunkin's refusal to consent, and Dunkin did not return Tolia's $105,000 deposit.  (Id. ¶¶ 19, 31.)

### B. Procedural History

On June 6, 2011, Plaintiffs filed a Verified Complaint in the Superior Court of New Jersey, Chancery Division, Morris County, alleging three counts against Dunkin, the Six Franchisees, and Norco.  (Notice of Removal ¶ 1; Ackerman Aff. ¶ 2, ECF No. 5.)

On June 24, 2011, Dunkin removed the present action to the United States District Court for the District of New Jersey.  (Notice of Removal.)  Dunkin did not obtain consent of its New Jersey co-defendants.  (Id. at 1; see also id. ¶¶ 2, 7–14.)  Dunkin asserted that this Court has subject-matter jurisdiction based on diversity because all New Jersey defendants were fraudulently joined, and thus the Court may disregard the citizenship of the Six Franchisees and Norco in determining whether complete diversity exists.  (Id. ¶ 2.)  Notably, the filing date of the removal was Friday, June 24, 2011, but the entry date on the case filing system and Plaintiffs' receipt of the notice was Monday, June 27, 2011.  (See Notice of Removal, June 24, 2011, ECF No. 1 (docket

---

[1] Plaintiffs' Complaint alleges that Dunkin's notification "contained no reason to disapprove the transfer."  (Verified Compl. ¶¶ 13, 30.)  In the same allegation, however, Plaintiff incorporates Dunkin's attached correspondence and that is what the Court quotes in the text attached to this footnote.  (See id. ¶¶ 13, 30, Ex. C.)

summary stating "Entered 06/27/2011").)

On July 1, 2011, Dunkin filed an Answer to Plaintiffs' Complaint. (Def. Dunkin's Answer, ECF No. 4.) On July 26, 2011, thirty-one days after the notice of removal was filed, Plaintiffs filed the present Motion to Remand to New Jersey Superior Court. (Mot. to Remand, ECF No. 5.) On August 22, 2011, Defendants filed briefs in opposition. (Def. Dunkin's Remand Opp'n Br., ECF No. 7; Defs.' Six Franchisees & Norco Remand Opp'n Br., ECF No. 9.) On August 26, 2011, Plaintiffs filed a reply brief and used an identical brief in support of a new motion for an extension to file its already-filed remand motion. (Mot. for Extension, ECF No. 10; Pls.' Remand Reply Br., ECF No. 11.) On September 6, 2011, Defendants filed briefs in response to the motion for an extension. (Dunkin's Extension Opp'n, ECF No. 13; Defs.' Six Franchisees & Norco Extension Opp'n Br., ECF No. 14.)

**III.   ARGUMENTS**

    **A.   Plaintiffs' Letter-Memorandum Regarding Remand[2]**

Plaintiffs argue that the Court must remand this case because of jurisdictional and procedural defects. (Pls.' Remand Br. 1.) Specifically, Plaintiffs contends that complete diversity does not exist and that Dunkin failed to obtain consent from the other defendants before removal. (Id. at 3.) Plaintiffs also assert that Dunkin violated Local Civil Rule 40.1(c) by failing to disclose

---

[2] Plaintiffs' letter-brief violates the local rules. L. Civ. R. 7.1(d) ("No application will be heard unless the moving papers and a brief, prepared in accordance with L. Civ. R. 7.2 . . . are filed . . . ."). Rather than striking the brief, as the defendants have raised no objection, the Court simply reminds the parties that all submissions must comply with the local rules or risk denial of the relief sought. See, e.g., Holster v. McMaster-Carr Supply Co., Civ. No. 04-1791, 2006 WL 2864643, at *12 n.9 (D.N.J. Oct. 4, 2006) ("Plaintiff's counsel is forewarned that future submissions must comply with both the Federal and Local Rules of Civil Procedure, or said submissions will be precluded from consideration.")

the existence of this case in an allegedly related civil action. (Id. at 2.) Lastly, Plaintiffs contend that the Court should award them fees and costs because the notice of removal contains no legitimate basis for removal, the removal was part of a strategy to delay Plaintiffs from obtaining injunctive relief and "clearly made in bad faith," and Dunkin's Answer lacks specific claims to support a defense and facts to support a counterclaim. (Id. at 4.)

### B.  Defendants' Response

In response, Dunkin argues that Plaintiffs failed to address its basis for removal, fraudulent joinder, and therefore waived an objection to jurisdiction. (Def. Dunkin's Remand Opp'n Br. 1.) Dunkin also argues that Plaintiffs waived any procedural objection because they failed to move to remand within thirty days of the filing of the notice of removal. (Id. at 4.) Moreover, Dunkin contends that it properly removed this case because the other defendants were fraudulently joined and therefore Dunkin did not need to obtain their consent. (Id. at 4–10.) Regarding the alleged Rule 40.1 objection, Dunkin argues that Plaintiffs failed to specify how the facts demonstrate a violation given that the allegedly related case does not grow out of or involve any related property nor concerns a patent, copyright, or trademark already before this Court. (Id. at 10–11.) The Six Franchisees and Norco adopted and reiterated Dunkin's arguments. (Defs.' Six Franchisees & Norco Remand Opp'n Br. 1.)

### C.  Plaintiffs' Reply/Motion for Extension

In reply, Plaintiffs argue that (1) the motion to remand is timely, (2) the facts alternatively support a one-day extension based on excusable neglect, and (3) the Six Franchisees and Norco are

indispensable parties.[3] (Pls.' Reply 2.) As to timeliness, Plaintiffs assert that they filed their motion to remand timely because Fed. R. Civ. P. 6(d) gave them three extra days to respond when, as here, service is made by ordinary mail. (Id. at 2–4.) As to a one-day extension, Plaintiffs contend that there is excusable neglect because they acted in good faith, there will be minimal prejudice, and Dunkin deliberately delayed Plaintiffs' receipt of the notice of removal to cause confusion. (Id. at 4–5.) As to indispensable parties, Plaintiffs argue that the Six Franchisees and Norco must be defendants in this case because otherwise the Court cannot enjoin them from conveying the franchises in dispute. (Id. at 6.) At oral arguments, Plaintiffs also stated that the Six Franchisees are the defendants being referred to in count two of the Complaint. Plaintiffs also note that subject matter jurisdiction can be addressed at any time. (Id. at 7.) In Plaintiffs' motion for an extension, they filed an identical brief and thus their arguments are the same. (See Mot. for Extension 2–7.)

### D. Defendants' Response to Motion for Extension

In response to the extension motion, Dunkin argues that Fed. R. Civ. P. 6(d) does not grant additional time because such a result would contravene the plain language of the removal statute. (Dunkin's Extension Opp'n Br. 2–4.) As for a one-day extension, Dunkin asserts that Plaintiff's own confusion is not a basis for excusable neglect. (Id. at 4–5.) As for the Six Franchisees and

---

[3] Plaintiffs raised the argument of indispensable parties for the first time in their reply brief. A reply brief "should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted." Bayer AG v. Schein Pharma. Inc., 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (Brown, C.J.). Parties should not use reply briefs to raise new arguments and the Court regularly disregards such arguments. See, e.g., Freeman v. Chertoff, 604 F. Supp. 2d 726, 731 n.9 (D.N.J. 2009) (declining to consider defense raised for the first time in a single sentence of the reply brief); Fellenz v. Lombard Inv. Corp., 400 F. Supp. 2d 681, 683 (D.N.J. 2004); Bayer AG, 129 F. Supp. 2d at 716 (striking portion of reply brief that raised new issues), aff'd 301 F.3d 1306 (3d Cir. 2002).

Norco being indispensable parties, Dunkin contends that (1) Rule 19 permits joinder only if it does not destroy subject matter jurisdiction, (2) Plaintiff can obtain complete relief without the Six Franchisees by enjoining Dunkin from approving any franchise sales, and (3) Norco is not a party to any of the contracts in dispute. (Id. at 5–6.) The Six Franchisees and Norco adopted Dunkin's arguments. (Defs.' Six Franchisees & Norco Extension Opp'n Br. 1.)

IV.   DISCUSSION

As an initial matter, the Court notes that a decision to remand is dispositive. In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.") Accordingly, the Court makes the following report and recommendation to the assigned United States District Judge, the Honorable Jose L. Linares.

A.   Remand

Title 28, Section 1447 of the U.S. Code provides the general procedure for remand. Section 1477(c) states that "[a] motion to remand the case on the basis of any defect **other than lack of subject matter jurisdiction** must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. 1447(c) (emphasis added). Failure to move for remand results in the waiver of any procedural defects in the notice of removal. Farina v. Nokia, Inc., 625 F.3d 97, 114 (3d Cir. 2010). Remand for procedural defects after the thirty-day window exceeds a court's statutorily defined power. Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 613 (3d Cir. 2003).

Unlike procedural defects, a jurisdictional defect, such as a lack of subject matter jurisdiction, "may be raised at any time." Farina, 625 F.3d at 114. "A defect is considered

jurisdictional 'only if the case could not initially have been filed in federal court.'"  Id. (quoting Ariel, 351 F.3d at 614.  For removals based on diversity of citizenship, as here, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant."  In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

Here, Plaintiffs contend that Dunkin's removal is both jurisdictionally and procedurally defective.  (Pls.' Remand Br. 1.)  Plaintiffs argue that this Court has no subject matter jurisdiction for lack of complete diversity and that Dunkin failed to obtain consent from the other defendants before removal.  (Id. at 3.)  Dunkin's Notice of Removal asserts that its New Jersey co-defendants were fraudulently joined.  (Notice of Removal ¶ 2.)  Dunkin also asserts that Plaintiffs have waived procedural defects by failing to timely move to remand and waived subject matter objections by failing to directly controvert Dunkin's assertion of fraudulent joinder.  (See Def. Dunkin's Remand Opp'n Br. 1–4.)

The Court cannot proceed without subject matter jurisdiction nor can a party waive such jurisdiction.  Farina, 625 F.3d at 114.  Accordingly, the Court first considers whether Dunkin's asserted basis for subject matter in diversity is sound under its theory of fraudulent joinder.

### B.     Fraudulent Joinder[4]

Fraudulent joinder is "an exception to the requirement that removal be predicated solely upon complete diversity."  In re Briscoe, 448 F.3d at 215–16.  If the joinder was not fraudulent and thereby results in a lack of subject matter jurisdiction, the Court must remand the case to state

---

[4] Fraudulent joinder "in no way reflects on the integrity of plaintiff or of plaintiff's counsel" nor does it "require a showing of fraud in the conventional sense."  Am. Dredging Co. v. Atl. Sea Con, Ltd., 637 F. Supp. 179, 183 (D.NJ 1986).

court.  In re Briscoe, 448 F.3d at 216.  Otherwise, if a defendant's joinder was fraudulent, the Court can disregard that defendant's citizenship, assume jurisdiction, dismiss that defendant, and retain jurisdiction over the case.  In re Briscoe, 448 F.3d at 216 (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir.1999)).

A party is fraudulently joined "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment."  Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009) (citing Briscoe, 448 F.3d at 217).  A claim is "colorable" when it is not "wholly insubstantial and frivolous," Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir.1992), but "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  Id. at 851 (internal quotation marks and citations omitted).  The fraudulent joinder standard stops short of a motion to dismiss for failure to state a claim.  Batoff, 977 F.3d at 852.  Thus, on the same set of facts, a Court may find no fraudulent joinder but later dismiss the case for failure to state a claim.  Id.

The removing party bears "a heavy burden of showing that at all stages of the litigation the case is properly before the federal court."  Brown, 575 F.3d at 326 (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1044–45 (3d Cir. 1993)).  Courts also must strictly construe removal statutes and resolve all doubts in favor of remand.  Brown, 575 F.3d at 326 (citing Batoff , 977 F.2d at 851).  Moreover, when evaluating fraudulent joinder, the court must "focus on the plaintiff's complaint at the time the petition for removal was filed . . . [,] assume as true all factual allegations of the complaint . . . [, and] resolve any uncertainties as to the current state of

9

controlling substantive law in favor of the plaintiff." Batoff, 977 F.2d at 851–52. A court may consider facts outside the pleadings, but the inquiry "is far different from [a] summary judgment type inquiry." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). A court must avoid "step[ping] from the threshold jurisdictional issue into a decision on the merits." Id.

Here, Plaintiffs allege three claims against the defendants. Count one contains claims against Dunkin for tortious inference with contract and economic advantage. (See Verified Compl. ¶ 16.) These claims are inapplicable to the fraudulent joinder analysis because they state causes of action only against a diverse defendant, namely, Dunkin, who is undisputedly a citizen of Delware and Massachusetts. (Notice of Removal ¶ 6.) Because Plaintiffs are from New Jersey (Verified Compl. Ex. A; Notice of Removal ¶¶ 3–4), Dunkin's participation in this case does not offend complete diversity. See In re Briscoe, 448 F.3d at 216.

Similarly, count three's cause of action is against only Dunkin and thus inapplicable to the fraudulent joinder analysis. In count three, Plaintiffs allege that Dunkin unlawfully converted Plaintiffs' $105,000 deposit. (Verified Compl. ¶ 31.) Plaintiffs label Norco as a defendant (see id. ¶¶ 24–26), and Norco's participation would destroy complete diversity as it is indisuptedly a New Jersey company. (Notice of Removal ¶ 8.) Count three, however, does not actually allege a cause of action, or even wrong doing, against Norco. Rather, Plaintiffs allege only that Dunkin committed conversion. Indeed, Plaintiffs request relief only from Dunkin, not Norco. (See id. ¶¶ 30–32.) It therefore appears that Plaintiffs have failed to state any cause of action against Norco and thus "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant." Briscoe, 448 F.3d at 217. Accordingly, the Court finds that Norco was

fraudulently joined.

Under count two, Plaintiffs seek injunctive relief against the Six Franchisees. (See Verified Compl. ¶¶ 18–22.) Specifically, count two states

> 18. Plaintiff repeats the allegations contained in the First Count as if the same were set forth herein at length.
>
> 19. As a result of the action of Defendant Dunkin, [the Six Franchisees] have declared the Contract to be null and void as a result of impossibility of performance in that Defendant Dunkin refuses to consent to transfer.
>
> 20. As a result, the Defendants aforementioned have, upon information and belief, entered into a Contract to sell all or a portion of these franchises to third parties unknown.
>
> 21. The sale of these franchises to third parties will result in irreparable harm to Plaintiffs . . . for which there is no available compensatory relief due to the nature of future profits resulting from the ownership of Plaintiffs of these franchises in the future.
>
> 22. This court must enjoin all Defendants from attempting to sell franchises . . . pending a determination of the allegations in the within lawsuit.

(Id.) Unlike counts one and three, count two contains no explicit cause of action. In counts one and three, Plaintiffs accuse Dunkin of committing tortious inference with contract and economic advantage as well as conversion. But in count two, Plaintiffs do not clearly state the wrongful act the Six Franchisees committed along with the corresponding legal right entitling redress. Without such cause of action, count two will fail because an injunction is a remedy and not by itself a cause of action.[5] It is well settled that in determining whether to issue injunctive relief, a court must

---

[5] See, e.g., Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) (dismissing claim for injunction relief unconnected to a substantive claim); Housecalls Home Health Care, Inc. v. U.S. Dep't of Health & Human Servs., 515 F. Supp. 2d 616, 627 n.6 (M.D.N.C. 2007) ("While the claim for injunctive relief is set out as a separate cause of action, it is really nothing more than a form of possible relief that can be awarded once a party has prevailed on another cause of action."); Noah v. Enesco Corp., 911 F. Supp. 305, 307 (N.D. Ill. 1995) ("By its very name, it is apparent that injunctive relief is a remedy. . . . [A party] fails to

11

consider: "(1) **the likelihood that the moving party will succeed on the merits**; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 562 F.3d 553, 556 (3d Cir. 2009) (emphasis added) (quoting .McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC, 511 F.3d 350, 356–357 (3d Cir.2007); see also Jones v. Hayman, 418 N.J. Super. 291, 300–01 (App. Div. 2011) (citing Crowe v. De Gioia, 90 N.J. 126, 132–34 (1982)) (emphasis added). Plaintiffs cannot fulfill these requirements without some claim of a legal right. Cf. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004) ("[A]ny motion or suit for a traditional injunction must be predicated upon a cause of action . . . regarding which a plaintiff must show a likelihood or actuality of success on the merits. There is no such thing as a suit for a traditional injunction in the abstract."). Accordingly, whether the Court can read a cause of action into Plaintiffs' allegations in count two is crucial to determining whether joinder of the Six Franchisees was fraudulent.

---

state a claim merely by stating that he is entitled to injunctive relief. An injunction is a remedy, not a cause of action."); Motley v. Homecomings Fin., LLC, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2004) (dismissing claims for injunction and accounting for being remedies and not separate causes of action); Mitchell & Weber v. Williamsbridge Mills, 14 F. Supp. 954, 956–57 (S.D.N.Y. 1936) ("[T]he plaintiff, if well advised, would not ask for injunction by independent bill; it would proceed by bill or petition ancillary to the original suit. The ground for injunction would not be a cause of action separate and distinct from that originally pleaded; it would be the same cause of action, but with the necessity for additional relief shown."); see also Clementson v. Countrywide Fin. Corp., Civ. No. 10-1956, 2011 WL 2848231, at *1 (D. Colo. July 18, 2011) ("[A]n injunction is an equitable remedy for a violation of a right, and any injunction therefore must be predicated on a viable cause of action.") (quoting Halpern v. PeriTec Biosciences, Ltd., 383 F. App'x 943, 948 (Fed. Cir. 2010); Secure Energy, Inc. v. Coal Synthetics, LLC, Civ No. 08-1719, 2010 WL 1691184, at *3 (E.D. Mo. Apr. 27, 2010) (collecting cases); Lopez v. Washington Mut. Bank, F.A., Civ. 09-1838, 2010 WL 1558938, at *9 (E.D. Cal. Apr. 19, 2010) (collecting cases).

On the one hand, Plaintiffs are the masters of their complaint and may decide whom to accuse and what law they will rely on; jurisdiction cannot be sustained on a theory that they have not advanced. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 & n.7 (1987) (citing Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon"); Merrell Dow Pharma., Inc. v. Thompson, 478 U.S. 804, 810 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); Great N. Ry. Co. v. Alexander, 246 U.S. 276, 282 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case.")).

On the other hand, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Batoff, 977 F.2d at 851 (citations omitted) (internal quotation marks omitted). Moreover, the Court must resolve all doubts in favor of remand. Id. Reading the entirety of count two, as well as the other allegations incorporated by reference, Plaintiffs appear to allege a claim for breach of contract against the Six Franchisees. More precisely, Plaintiffs allege the existence of a contract, accuse Dunkin of interference with that contract, allege that the Six Franchisees declared that contract null and void, and that no performance on the contract has occurred. (See Verified Compl. ¶¶ 5–6, 19–20.) At oral argument, counsel for Plaintiffs stated that count two was a breach of contract claim against the Six Franchisees. Accordingly, the Court construes count two as a breach of contract claim on this motion, even though Plaintiffs fail to specify the words breach of contract, because the Court must find joinder proper "[i]f there is even a possibility that a state court would find that the complaint states a cause of action." Batoff, 977 F.2d at 851.

Nonetheless, Dunkin contends that, even if count two alleges that the Six Franchisees breached the asset purchase agreement, no colorable cause of action exists against the Six Franchisees because Dunkin never gave its final approval. Dunkin argues that, because such approval was an unfulfilled condition precedent to the disputed contract, no contract existed and therefore no breach of contract claim is viable. See Moorestown Management, Inc. v. Moorestown Bookshop, Inc., 104 N.J. Super. 250, 262 (Ch. Div. 1969) ("A condition precedent is a fact or event occurring subsequently to the making of a valid contract and which must exist or occur before there is a right to immediate performance, before there is a breach of contract duty or before the usual judicial remedies are available."). Although persuasive, Dunkin fails to meet its "heavy burden" placed upon the removing party. Brown, 575 F.3d at 326. Dunkin only gave conditional, not final approval, but Dunkin set its conditions in certain enumerated requirements that Plaintiffs allege they satisfied. (Verified Compl. ¶ 11.) Additionally, Plaintiffs allege that after they satisfied Dunkin's conditions, the Six Franchisees and Dunkin asked when Plaintiffs would be ready to close. (Id. ¶ 12.) Thus, the approval was conditional, Plaintiffs claim they satisfied these conditions, and nothing in the record or in the law before the Court indicates that a fact finder would be precluded from determining that the condition precedent was satisfied.

Moreover, determining this issue goes too far on a motion to remand. Determining whether a contract existed would not only resolve the breach of contract claim, but also the tortious interference with contract claim. See Print Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 751–52 (1989) (existence of contract or prospective economic relationship is element of claim). Thus, the Court cannot resolve Dunkin's contention without largely determining the merits of this action and without the benefit of the briefing or proofs available on a motion to dismiss or motion

for summary judgment.  On a motion to remand, the Court must assume Plaintiffs' allegations to be true, resolve uncertainty in favor of Plaintiffs, and avoid stepping into a decision on the merits, as it would entertain on a motion to dismiss.  Batoff, 977 F.2d at 852; Boyer, 913 F.2d at 111–12.

Dunkin's cases do not change this result.  In Watson v. City of Salem, 934 F. Supp. 643 (D.N.J.1995), the Court dismissed a plaintiff's claim that his prospective employer breached his hiring contract because he failed to pass a background check, a condition precedent.  But Watson was before the Court on summary judgment and "there [wa]s no dispute as to the fact that Plaintiff failed to successfully complete the background investigation, and therefore satisfy the condition precedent." Id. at 660.  Here, there is such a dispute.

In Chu v. Dunkin' Donuts Inc., 27 F.Supp.2d 171 (E.D.N.Y. 1998), a court dismissed a prospective franchisees' claim that the defendant-franchisor interfered with the purchase and sale agreement between them and the former franchisees because there was no final approval.  But Chu was before the court on a motion for summary judgment and "what plaintiffs had in hand was nothing more than an expectation of contractual relations." See id. at 173–74.  Unlike here, Chu had no discussion of a conditional approval and the alleged subsequent satisfaction of the listed conditions.

In Home Repair, Inc. v. Universal Restoration Services, Inc., Civ. No. 01-7141, 2002 WL 1263992 (N.D. Ill. June 5, 2002), a court granted a motion to dismiss a prospective franchisee's claim against the current franchisee for breach of contract for failing to secure the franchisor's approval to transfer the franchise, an express requirement of the agreement.  The court, however, did not dismiss the case because no contract existed, but because even if there was a contract there was no breach based upon an implied duty that the current franchisee secure the approval under

Illinois law. Id. at *4–5. Accordingly, this case is not persuasive on the legal issues here.

Lastly, Dunkin argues the doctrine of impossibility of performance shields their co-defendants as a viable defense. The Court, however, cannot resolve the merits of this defense on this motion as it would on a motion to dismiss or a summary judgment motion. See Batoff, 977 F.2d at 852; Boyer, 913 F.2d at 111–12. Moreover, Dunkin only generally contends that this defense applies and fails to demonstrate what specific ground would fit the facts of this case. See, e.g., Armur Realty, LLC v. Banco do Brasil, S.A., Civ. No. 09–2792, 2011 WL 1327422, at *5 (D.N.J. Apr. 5, 2011) (Chesler, J.) ("[I]mpossibility of performance only offers relief from the performance of contractual obligations where: (1) the impossibility arises by operation of law; (2) a thing necessary to perform is destroyed; or (3) the contract calls for personal services, and the party to perform or receive performance dies.") (internal citations omitted).

While Plaintiffs' Complaint leaves many doubts unresolved, "all doubts should be resolved in favor of remand." Batoff, 977 F.2d at 851 (internal citations omitted). Accordingly, the Undersigned recommends remanding this case to state court.

### C. Procedural Defects, Waiver, and Motion for an Extension

Because sufficient doubt exists as to this Court's subject-matter jurisdiction, the Court need not decide whether procedural defects in the notice of removal exist or whether Plaintiffs waived objections to such defects. Accordingly, the Plaintiffs' motion for an extension of time to file a motion to remand is moot. The Undersigned recommends that the extension motion be terminated as moot.

### D. Local Civil Rule 40.1(c)

Plaintiffs assert that Dunkin has recently filed a related case, failed to disclose the present

action, and thereby violated Local Civil 40.1(c).  This rule requires counsel to inform the Clerk of the Court at the time an action is initially whether it "(1) relates to any property included in a case already pending in this Court; (2) grows out of the same transaction as any case already pending in this Court; or (3) involves the validity or infringement of any patent, copyright or trademark which is involved in a case already pending in this Court."  L. Civ. R. 40.1.  Plaintiffs contend that, in the other action, Dunkin seeks to void Plaintiff Tolia's existing franchises based on allegations that Dunkin will later use as a defense in this case, thus forming an "obvious relationship between these two cases."  (Pls.' Remand Br. 2.)  Plaintiffs are premature in their accusation as Dunkin has not alleged such a defense in its Answer.  More importantly, Plaintiffs ask for no relief on the basis of this alleged violation of the local rules.  Accordingly, the Court grants none.

### E.     Attorney's Fees

The Court "has broad discretion and may be flexible in determining whether to require the payment of fees under [28 U.S.C. §] 1447(c)."  Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996).  Although the Court of Appeals for the Third Circuit has found "no need to establish definitive criteria" for awarding fees and costs under this statute, a court can consider whether the notice of removal raised difficult issues or whether it was "frivolous" or "insubstantial."  Id. at 1260–61.  Also, bad faith need not exist to award fees, but it is a consideration.  Id. at 1260.  Ultimately, however, the Court "must weigh the circumstances of the case before it."  Siebert v. Norwest Bank Mn., 166 F. App'x 603, 607 (3d Cir. 2006) (citing Mints, 99 F.3d at 1260.)

Here, Plaintiffs seek fees on a claim that Dunkin's notice of removal "lacks any colorable basis and, if not frivolous, is totally insubstantial."  (Pls.' Remand Br. 4.)  Dunkin's removal,

however, was based on fraudulent joinder, a basis that Plaintiffs never substantially responded to. Plaintiffs instead relied on a general argument based on lack of subject matter jurisdiction. Indeed, their moving brief supporting remand never even mentions the words "fraudulent joinder" and their reply brief provides no citation or law supporting their position. In another context, such lack of content would have abdicated the argument, but in this instance, the Court must resolve whether subject matter jurisdiction exists. See, e.g., Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 75 n.3 (3d Cir. 2001) ("[I]t is always our duty to assure ourselves of the existence of subject matter jurisdiction."); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Moreover, the Court has found that Norco was fraudulently joined. And although the Court recommends granting Plaintiffs' remand motion, its recommendation relies on the standard that uncertainty must be resolved in favor of remand. In sum, Dunkin's notice of removal was not without basis.

On such a record, it would be clearly inappropriate to award fees to Plaintiffs. Accordingly, the Undersigned recommends a denial of Plaintiffs' request for fees.

## V. CONCLUSION

For the reasons above, the Undersigned recommends that Plaintiffs' motion [ECF No. 5] be granted and this matter be remanded to the Superior Court of New Jersey, Chancery Division, Morris County. The Undersigned further recommends that Plaintiffs' request for fees be denied. Finally, the Undersigned recommends that Plaintiffs' motion for an extension of time to file a motion to remand [ECF No. 10] be terminated for being moot.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

                                                          *s/Michael A. Hammer*
                                                          United States Magistrate Judge

Date: October 7, 2011