NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARENDRA P. TOLIA, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>DUNKIN BRANDS ET AL.,<br><br>Defendants. | Civil Action No.: 11-3656 (JLL)<br><br>**OPINION ADOPTING OCTOBER 7, 2011 REPORT AND RECOMMENDATION** |

**LINARES**, District Judge.

This matter comes before the Court by way of two unopposed objections to Magistrate Judge Michael Hammer's Report and Recommendation and Order dated October 7, 2011 ("Report and Recommendation"), in which Judge Hammer considered Plaintiffs Harendra P. Tolia, et al.'s ("Plaintiffs" or "Tolia") motion to remand and subsequent motion for an extension of time to file their motion to remand. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Judge Hammer's Report and Recommendation, grants Plaintiff's motion to remand in part, and terminates the motion for an extension as moot.

BACKGROUND

As the facts and procedural history are set forth in greater detail in the Report and Recommendation, the Court will only recount the facts as necessary to provide context for the discussion herein. Plaintiffs made the motion to remand this action on both procedural and jurisdictional grounds: 1) that there was no complete diversity between parties to the action and 2)

that Defendant Dunkin' Brands, Inc. ("Dunkin'") failed to obtain consent from the other defendants before removing this case to federal courts.

Plaintiff Harendra P. Tolia is the owner of multiple Dunkin' Donuts franchises and sought to acquire additional franchises from Defendant Dunkin'. Tolia executed an asset purchase agreement ("APA") on October 28, 2010 to buy six franchises from six other New Jersey companies, Defendants Re-Mur, Inc.; Dutchman's Donuts, LLC; Even Steven, LLC; LAM Donuts, LLC, Mount Olive Donuts, LLC; and Taisatempt, LLC (collectively "the Six Franchisees"). Tolia entered into the APA with said franchisees to purchase them for $2.3 million. Defendant Dunkin' was not a party to the APA, but it contained a clause stating that the sale was "subject to the consent and right of first refusal of Dunkin' Donuts." In addition, Dunkin reserved the right to approve or deny the transfer of any franchise in its franchise agreements.

Dunkin' "conditionally approved" the sale and transfer of the above franchises to Tolia subject to the satisfaction of conditions in the "Rider to Contract for Sale" and evidence of financing. Tolia and the other Plaintiffs allegedly complied with all conditions. However, in a letter to Tolia dated April 8, 2011, Defendant Dunkin' rejected the sale and transfer of all franchises "[b]ased on [its] investigation into the ownership of the entities through which [Tolia was] to purchase" the franchises. As a result, the Six Franchisees voided the asset purchase agreement.

As discussed above, Judge Hammer issued a Report and Recommendation on October 7, 2011 in which he recommended that this Court do the following: (1) grant Plaintiffs' motion to remand; (2) find that Defendant Norco was fraudulently joined; (3) deny Plaintiffs' request for fees; and (4) terminate as moot Plaintiff's motion for an extension of time to file a motion to remand. Defendant Dunkin' now objects, arguing that the Report and Recommendation "confuses the

2

distinction between a colorable claim against Dunkin' and one against the remaining Defendants" because the remaining Defendants were fraudulently joined. (Def. Dunkin's Br., 1). The Six Franchisees also now object on the same grounds and adopt the arguments set forth in Dunkin's objection. (Def. Six Franchisee Br., 2).


## LEGAL STANDARDS

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); see also L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N. J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. For dispositive motions, the district court must make a de novo determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a de novo review of the parts of the report to which the parties object).

Under 28 U.S.C §§ 1441 and 1446, a party may remove a civil action from state court to federal court if the district court has original jurisdiction over the action and the party removing the action does so within thirty days after receipt of the initial pleading. Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). Where, as here, the removing party asserts subject matter jurisdiction on the basis of diversity, there must be complete diversity among the parties in that every plaintiff must be diverse from every defendant. 28 U.S. § 1332(a).

In the Third Circuit, "[t]he doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." In re Briscoe, 448 F.3d 201, 215-216 (3d Cir. 2006). Federal courts are required to dismiss or remand suits in which any party has been improperly or collusively joined solely to invoke federal diversity jurisdiction. See 28 U.S.C. § 1359; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110 (3d Cir. 1990). Thus, if a non-diverse party was fraudulently joined, the court "can disregard, for jurisdictional purposes, the citizenship of non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." In re Briscoe, 448 F.3d 201, 215-216 (3d Cir. 2006). Where, a court finds that a non-diverse party was not fraudulently, improperly, or collusively joined, however, the court lacks subject matter jurisdiction and must remand the case to state court. 28 U.S.C. § 1447.

Finally, "for fraudulent joinder to apply, the claim must be 'wholly insubstantial and frivolous.'" Reuter v. Medtronics, Inc., Civ. No. 10-3019, 2010 WL 2628439, at *3 (D.N.J. 2010) (quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992)). A court's finding that a

party was not fraudulently joined does not preclude ultimate dismissal for failure to state a claim upon which relief may be granted. Batoff, 977 F.2d at 852; see In re Briscoe, 448 F.3d 201 (3d Cir. 2006). In order for Defendants to meet their heavy burden, "they must show that there is no possibility that New Jersey law would recognize any of the claims asserted against" the Six Franchisees. Route 27, LLC v. Getty Petroleum Marketing, Inc., Civ No. 10-3080, 2011 WL 1256618, at *4 (D.N.J. 2011). Further, "[i]n assessing whether the plaintiff has asserted a colorable claim, the Court must 'assume as true all factual allegations in the complaint.'" Id. at 4 (quoting Brown, 575 F.3d at 327).

## ANALYSIS

Here, Defendants argue that they have "demonstrated that Plaintiffs have no possibility of prevailing on a claim against the [Six Franchisees] based on the facts they have pled. This is enough to defeat their Motion for Remand." (Def. Dunkin Br. 6). Further, they argue, that Judge Hammer "erred by finding that Plaintiffs had presented a colorable claim for breach of contract against the [Six Franchisees]." Therefore, they claim that the Court should not adopt Magistrate Hammer's Report and Recommendation insofar as it grants Plaintiff's motion to remand because the Six Franchisees were fraudulently joined by Plaintiffs.

The Court agrees with Judge Hammer and declines to find that joinder was fraudulent in this case. "Fraudulent joinder is about frivolousness. A court will deem the joinder of an additional party fraudulent only when 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" Reuter v. Medtronics, Inc., 2010 WL 4628439, at *3

(D.N.J. 2010)(citations omitted). Count II of Plaintiff's Complaint seeks injunctive relief against the Six Franchisees. Specifically, the Complaint seeks to enjoin those Defendants from selling all or a portion of the franchises to third parties. As discussed by Judge Hammer, an injunction is a remedy and not by itself a cause of action. (R&R, 11) (see e.g. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004). However, as discussed above and explained by Judge Hammer, the Court must resolve all doubts in favor of remand and "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." (R&R, 13) (quoting Batoff, 977 F.2d 851). Judge Hammer correctly noted that "Plaintiffs allege the existence of a contract, accuse Dunkin of interference with that contract, allege that the Six Franchisees declared that contract null and void, and that no performance on the contract has occurred." (R&R, 13). Thus, a state court could find that the Complaint states a cause of action for breach of contract against the Six Franchisees.

Defendants argue that approval by Dunkin' was an unfulfilled condition precedent to the APA and thus when Dunkin' denied its approval, there was no contract. (Def. Dunkin's Br., 9). However, despite the fact that the approval was conditional, Plaintiffs claim that they satisfied all conditions and Defendants and Dunkin asked when Plaintiffs would be ready to close. (R&R, 14). As rightly indicated by Judge Hammer, "nothing in the record or in the law before the Court indicates that a fact finder would be precluded from determining that the condition precedent was satisfied." (R&R, 14).[1]

_____

[1]Defendants additionally point to the fact that Judge Hammer found that Defendant Norco was fraudulently joined. However, Plaintiff's Complaint does not state a cause of action against nor seek relief from Norco. Conversely, Count II of Plaintiff's Complaint seeks injunctive relief against the Six Franchisees, and, as discussed

The Third Circuit cautions that "a district court must not step 'from the threshold jurisdictional issue into a decision on the merits.'" In re Briscoe, 448 F.3d at 219 (citing Boyer, 913 F.2d at 112; Battoff, 977 F.2d at 852). The Court agrees with Judge Hammer that determining the existence of a contract is beyond the scope of the inquiry here because doing so would resolve both the breach of contract claim (Count II) and potentially affect the tortious interference with contract or prospective economic advantage claim (Count I) in Plaintiffs' Complaint. "New Jersey recognizes that the tortious interference with prospective economic benefit or advantage cause of action is separate and distinct from tortious interference with an existing contract." Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GmBH, Civ No. 10-453, 2010 WL 5239238 *at 4 (D.N.J. 2010). Although interference may be actionable even when there is no enforceable contract, under New Jersey law, the existence of a contract or prospective economic relationship is an element of the respective claims. Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 750-1 (1989); Church & Dwight, 2010 WL 5239238 *at 4.[2]

Finally, Defendants argue that Dunkin's lack of consent made performance impossible. "New Jersey courts recognize the contract doctrine of impossibility of performance as a defense to breach of contract claims." Amur Realty, LLC v. Banco do Brasil, S.A., 2011 WL 1327422 at *4 (D.N.J. 2011). However, the inquiry into impossibility of performance goes beyond authorized review of a motion to remand as it involves a decision on the merits. In any event, under New

---

above, the Court declines to find that a New Jersey court would not read a colorable contract claim into Count II.

[2] Defendant Dunkin additionally argues that Judge Hammer failed to address certain aspects of the courts ruling in Chu v. Dunkin' Donuts, Inc., 27 F.Supp. 2d 171 (E.D.N.Y. 1998). In attempting to illustrate that franchisor approval was necessary to proceed with the contemplated transaction, Defendant also relies on Home Repair, Inc. V. Universal Restoration Services, Inc., 2002 U.S. Dist. LEXIS 10071 (N.D.Ill. 2002). However, these cases are neither binding on this Court nor do they concern New Jersey law.

Jersey law, the doctrine of impossibility "only offers relief from the performance of contractual obligations where: (1) the impossibility arises by operation of law; (2) a thing necessary to perform is destroyed; or (3) the contract calls for personal services, and the party to perform or receive performance dies." Id. at 5 (citing J. Fitzpatrick & Co., Inc. V. Solna, Inc, No 89-2668, 1990 U.S. Dist LEXIS 17571, at *5-6 (D.N.J. 1990); Edwards v. Leopoldi, 20 N.J. Super. 43, 89 A.2d 264, 269 (N.J. Super. Ct. App. Div 1952)). Defendants have failed to demonstrate that this doctrine is applicable here.

## CONCLUSION

Having thoroughly reviewed Magistrate Judge Hammer's Report and Recommendation, including Defendants' objections thereto, this Court hereby adopts Magistrate Judge Hammer's Report and Recommendation including the findings of fact and conclusions of law of this Court, and thus grants Plaintiffs' motion to remand this matter to the Superior Court of New Jersey, Chancery Division, Morris County and terminates the motion for an extension as moot.

An appropriate Order accompanies this Opinion.

DATED: December 7ᵗ, 2011

_____
Jose L. Linares
United States District Judge